PEOPLE v KELLY

Docket No. 60518. Submitted July 21, 1982, at Detroit.—Decided
    January 10, 1983.

Defendant, Robert Kelly, was convicted in a bench trial in Detroit
    Recorder's Court, J. Patrick Denis, J., of the misdemeanor of
    assault and battery. Defendant appeals alleging error in the
    trial court's failure to expressly advise him of his right to a
    jury trial as required by a Recorder's Court Rule, that such
    rule violates the Equal Protection and Due Process Clauses of
    the constitution and that the trial court erred in allowing the
    prosecutor to question him regarding his relationship with the
    police and whether he had been subjected to any prison disci-
    pline. *Held:*

    1. Defendant's failure to provide the Court of Appeals with a
    transcript of all pretrial proceedings provided no record on
    which to review the assignment of error pertaining to the
    failure to advise defendant of his right to a jury trial, therefore,
    the issue was considered to be abandoned on appeal.

    2. The defendant was afforded the same panoply of rights
    which are afforded to other misdemeanor defendants in this
    state, thus, he was not denied equal protection of the law.

    3. The prosecutor's line of questioning which elicited refer-
    ences to prior altercations involving the defendant was not
    error since nothing in the testimony indicated that these
    altercations were prior bad acts of the defendant, the defendant
    opened the door to this line of questioning in initiating the
    claim, and the trial court indicated that the references to the
    defendant's past conduct had no bearing on the court's final
    determination. If the trial court erred, the error was harmless
    beyond a reasonable doubt.

    4. Defendant's complaint regarding the line of questioning

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 471.
[2] 47 Am Jur 2d, Jury §§ 72, 76, 77.
[3] 5 Am Jur 2d, Appeal and Error § 809.
  6 Am Jur 2d, Assault and Battery § 208.
  81 Am Jur 2d, Witnesses § 516.
[4] 81 Am Jur 2d, Witnesses § 507.
[5] 5 Am Jur 2d, Appeal and Error § 635.

concerning whether the defendant had been disciplined while in prison is without merit since the prosecutor withdrew the offensive question after a timely objection and the defendant did not answer the question; thus, no inadmissible evidence was received.

5. The trial judge's findings of fact were legally sufficient for review by the Court of Appeals.

Affirmed.

1. APPEAL — PRESERVING QUESTION — PRETRIAL PROCEEDINGS — TRANSCRIPTS.

The Court of Appeals may consider an issue abandoned on appeal where an appellant fails to provide the Court with a transcript of all pretrial proceedings necessary to aid in a review of an alleged error claimed to have occurred before trial.

2. CRIMINAL LAW — JURY TRIALS — WAIVER OF RIGHTS — EQUAL PROTECTION — COURT RULES.

A defendant was not denied equal protection under a former Detroit Recorder's Court Rule providing that a misdemeanor defendant must be expressly advised that he has a right to a trial by jury and that he must request a jury trial in writing in order to preserve the right whereas misdemeanor defendants elsewhere in the state have an automatic right to a trial by a jury unless it is specifically waived where the defendant was advised of his right to a jury and knowingly waived his right and was thus afforded the same panoply of rights which are afforded to other misdemeanor defendants in the state (RCR 7, § 5; DCR 785.4[c]).

3. APPEAL — EVIDENCE — PRIOR BAD ACTS — HARMLESS ERROR.

Possible error by a trial court in a trial for assault and battery in permitting a prosecutor to cross-examine a defendant eliciting references to prior altercations involving the defendant was harmless beyond a reasonable doubt where nothing in the testimony indicated that the altercations were prior bad acts of the defendant, where the defendant opened the door to this line of questioning, and where the references to the defendant's past conduct had no bearing on the trial court's final determination.

4. EVIDENCE — CRIMINAL LAW — PROSECUTOR'S QUESTIONS — APPEAL.

Questions asked by a prosecutor in a criminal trial are not evidence, therefore, inadmissible evidence is not received in a bench trial where a prosecutor withdraws an offensive question

after a timely objection and before the defendant answers the question.

5. CRIMINAL LAW — APPEAL — FINDINGS OF FACT.

A trial judge sitting in a criminal case without a jury is obligated to articulate the reasons for his verdict and his findings of fact in order to reveal the law applied and to facilitate appellate review; the normal procedure followed by the Court of Appeals where it concludes that a trial court's initial factual findings are inadequate for appellate review is to remand for a further finding of fact.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Nancy R. Alberts,* Assistant Prosecuting Attorney, for the people.

Misdemeanor Defendants Office for Indigents, Inc. (by *Calvin A. Luker),* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and D. C. RILEY and C. J. HOEHN,* JJ.

PER CURIAM. In the Recorder's Court of Detroit, the defendant was convicted in a bench trial of a misdemeanor, assault and battery, in violation of MCL 750.81; MSA 28.276. Defendant appeals as of right.

Defendant's first two issues concern Recorder's Court Rule (RCR) 7, § 5, which was in effect at the time of the defendant's trial. Defendant first claims that his conviction must be reversed because he was not expressly advised of his constitutional right to a jury trial as required by the court rule. Because the defendant has failed to provide this Court with a transcript of all pretrial proceedings, we have no record to review this assignment

* Circuit judge, sitting on the Court of Appeals by assignment.

of error and thus consider the issue abandoned on appeal. GCR 1963, 812.2; *People v Sparks,* 82 Mich App 44, 51-52; 266 NW2d 661 (1978). Defendant's second argument regarding RCR 7, § 5 is that the rule violates the Equal Protection and Due Process Clauses of the constitution because it requires misdemeanor defendants in the Recorder's Court to affirmatively request a jury trial whereas misdemeanor defendants elsewhere in the state have an automatic right to a trial by jury unless it is specifically waived. DCR 785.4(c).

RCR 7, § 5 states:

> "Waiver of Rights. Every misdemeanor defendant shall be expressly advised of his right to retain counsel at his own expense; his right to make and file a written demand for jury trial; and that trial by jury is waived unless such written demand is made and filed before trial."

Thus, under this court rule a misdemeanor defendant must be expressly advised that he has a right to a trial by jury and that he must request such in writing in order to preserve the right.

Defendant does not argue that he was denied his right to a trial by jury, indeed, at oral argument the defense counsel stated that he had advised the defendant of his right to a jury and that the defendant had knowingly waived his right. We conclude that the defendant was afforded the same panoply of rights which are afforded to other misdemeanor defendants in this state, and thus he was not denied equal protection of the law. We further note that the Detroit court system was reorganized effective September 1, 1981, and prosecution of minor offenses was transferred from the Recorder's Court to the newly organized 36th District Court for the City of Detroit. The effect of

this reorganization is that now all misdemeanor defendants prosecuted under state statutes will be treated in the same manner with respect to a waiver of trial by jury.

Defendant next argues that the trial court erred in allowing the prosecutor to question him regarding his relationship with the police and whether he had been subjected to any prison discipline. Defense counsel objected to both of these lines of questioning.

Defendant claims the prosecutor's cross-examination of the defendant objectionably referred to possible prior bad acts of the defendant. Although we agree that the prosecutor's line of questioning elicited references to prior altercations involving the defendant, we find no error for the following reasons. First, nothing in the testimony indicates that these altercations were prior bad acts of the defendant. As the defense counsel points out in his brief on appeal, there is no evidence that the defendant was the aggressor in these incidents. Thus, the testimony did not necessarily indicate evidence of prior bad acts committed by the defendant. Second, even if this testimony raised the inference that the defendant was involved in several fights and was probably the perpetrator of some of them, the defendant opened the door to this line of questioning by complaining that the police never paid any attention to him. The defendant initiated that claim, and the prosecutor had a right to challenge it. The only way to make such a challenge was to question the defendant concerning the circumstances in which he was involved with the police. Third, the trial court indicated in its decision on the defendant's motion for a new trial that the references to the defendant's past conduct had no bearing on the court's final deter-

mination. Thus, we conclude that if the trial court erred in permitting this line of questioning, the error was harmless beyond a reasonable doubt.

Defendant also objected to the line of questioning concerning whether he had been disciplined while in prison. The prosecutor withdrew the offensive question after a timely objection was raised. Since the defendant did not answer the question, no inadmissible evidence was received. A prosecutorial question itself is not evidence. Accordingly, we find this complaint to be without merit.

Lastly, the defendant argues that the trial court erred by failing to state factual findings which would support its verdict. As the defendant points out, a judge who sits in a criminal case without a jury is obligated to articulate the reasons for his verdict and his findings of fact. Findings of fact in a non-jury case reveal the law applied by the factfinder and facilitate efficient appellate review. *People v Jackson,* 390 Mich 621, 627-628; 212 NW2d 918 (1973); *People v Bruce Ramsey,* 89 Mich App 468, 473-477; 280 NW2d 565 (1979). The normal procedure is to remand a case for a further finding of fact if this Court concludes the trial court's initial factual findings are inadequate for appellate review.

The issues in this case were whether the complainant had been struck with a stick and who was the aggressor in the fray. Since the trial court convicted the defendant of assault and battery, the court obviously found as a matter of fact that the defendant was the aggressor and as a matter of law that the defense of self-defense was unavailable to him. There were no complex factual or legal issues involved in this case, and, thus, we find the judge's findings of fact legally sufficient for our review. We find no error.

Affirmed.