SOERGEL v PRESTON

Docket No. 77105. Submitted November 16, 1984, at Grand Rapids.—
Decided February 13, 1985.

Plaintiffs, Leslie H. and Sue A. Soergel, own a parcel of real
estate in Van Buren County (parcel A). Defendants, Paul and
Betty Preston, own a parcel adjacent to the Soergels (parcel B)
and a parcel adjacent to parcel B (parcel C), upon which they
have their house. On December 22, 1971, plaintiffs granted to
the owner of parcel B, defendants' predecessor in interest, an
easement across parcel A to parcel B. The easement granted
parcel B a 10-foot right-of-way for the installation of water and
sewer lines. The agreement makes no mention of parcel C. The
right-of-way constituted an appurtenant easement. There is no
home on parcel B, and it is presently unoccupied. Defendants
began the installation of a sewer line across parcel A and
parcel B to service defendants' house on parcel C. Although
plaintiffs objected verbally and in writing that defendants had
no right to install the sewer line, the sewer line was installed.
Plaintiffs brought an action for an injunction in the Van Buren
Circuit Court and made a motion for partial summary judg-
ment for failure to state a valid defense. The trial court, Meyer
Warshawsky, J., granted plaintiffs' motion for partial summary
judgment, and granted a permanent injunction ordering defen-
dants to disconnect the sewer lines and preventing them from
using the easement to service parcel C. Defendants appealed.
*Held:*

1. An appurtenant easement attaches to the land and is
incapable of existence separate and apart from the particular
land to which it is annexed. The easement did not extend to
parcel C.

2. An injunction is an appropriate remedy where an injury is

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Easements § 72.
Extent and reasonableness of use of private way in exercise of
easement granted in general terms. 3 ALR3d 1256.
[2] 25 Am Jur 2d, Easements § 74.
[3] 25 Am Jur 2d, Easements § 11.
[4] 42 Am Jur 2d, Injunctions §§ 39, 48.
[5] 42 Am Jur 2d, Injunctions §§ 24, 25.

irreparable, or the interference is of a permanent or continuous character, or the remedy at law will not afford adequate relief. The granting of injunctive relief is within the sound discretion of the court, and the decision must be based on the facts of the particular case. In view of defendants' notice that they had no right to use plaintiffs' property, the issuance of the injunction was proper.

Affirmed.

1. EASEMENTS — BURDENING ESTATES.
   The owner of an easement cannot materially increase the burden upon the servient estate or impose thereon a new and additional burden.

2. EASEMENTS — QUESTIONS OF FACT.
   The extent of the right of an easement is a question of fact.

3. EASEMENTS — APPURTENANT EASEMENTS.
   An appurtenant easement attaches to the land and is incapable of existence separate and apart from the particular land to which it is annexed.

4. INJUNCTIONS — REMEDIES — EQUITY.
   An injunction is an appropriate remedy where an injury is irreparable, or the interference is of a permanent or continuous character, or the remedy at law will not afford adequate relief.

5. INJUNCTIONS — REMEDIES — EQUITY.
   The granting of injunctive relief is within the sound discretion of the court, and the decision must be based on the facts of the particular case.

*Keller, Keller, Creager, Kosick & Rochau* (by *Craig A. Rochau),* for plaintiffs.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *John H. Gretzinger),* for defendants.

Before: MACKENZIE, P.J., and V. J. BRENNAN and R. E. ROBINSON,* JJ.

PER CURIAM. Defendants appeal as of right from

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

an order granting plaintiffs' motion for partial summary judgment and a permanent injunction.

The issue in this case involves an easement. Plaintiffs and defendants are owners of adjacent parcels of property in Van Buren County. Plaintiffs' servient parcel will be referred to as parcel A; defendants' dominant parcel, which lies directly west of parcel A, shall be referred to as parcel B; the parcel of property west of parcel B will be referred to as parcel C. Defendants own both parcel B and parcel C, but apparently bought them from different owners.

On December 22, 1971, plaintiffs granted to the owner of parcel B, defendants' predecessor in interest, an easement across parcel A to parcel B. The easement granted parcel B a 10-foot right-of-way for the installation of water and sewer lines. The agreement makes no mention of parcel C. Defendants and plaintiffs agree that the right-of-way constituted an appurtenant easement. There is no home on parcel B, and it is presently unoccupied. We have been unable to determine why the owner of parcel B desired an easement.

Defendants' residence is on parcel C, but defendants also own parcel B. The present controversy erupted when defendant began the installation of a sewer line across parcel A and parcel B to service defendants' house on parcel C. Although plaintiffs objected verbally and in writing that defendants had no right to install the sewer line, the sewer line was installed.

Plaintiffs then initiated this action, and brought a motion for partial summary judgment for failure to state a valid defense pursuant to GCR 1963, 117.2(2). The trial court granted plaintiffs' motion for partial summary judgment, and granted a permanent injunction ordering defendants to dis-

connect the sewer lines and preventing them from using the easement to service parcel C.

I

Defendants argue on appeal that the trial court erred in granting summary judgment because the determination of the extent of an easement, or whether a particular use constitutes a material increase in the burden, is a question of fact. Defendants further argue that the easement agreement did not limit the use of the easement to parcel B, and the service to parcel C did not materially increase the burden on parcel A.

The owner of an easement cannot materially increase the burden upon the servient estate or impose thereon a new and additional burden. *Delaney v Pond,* 350 Mich 685, 687; 86 NW2d 816 (1957). The extent of the right of an easement is a question of fact. *Crew's Die Casting Corp v Davidow,* 369 Mich 541, 546; 120 NW2d 238 (1963). An appurtenant easement, which is the type of easement at issue in this case, attaches to the land and is incapable of existence separate and apart from the particular land to which it is annexed. *McClintic-Marshall Co v Ford Motor Co,* 254 Mich 305; 236 NW 792 (1931).

The easement agreement in this case describes parcel B and grants to that parcel a right-of-way across the south 10 feet of the property belonging to plaintiffs for the installation of water and sewer lines, noting that the parcel would have no access to these lines except over parcel A. The easement agreement makes no mention of parcel C. The fact that parcel C also has no access to water and sewer lines except over parcel A does not alter the easement agreement which grants an easement only to parcel B.

Defendants argue that whether extending the easement to parcel C materially increases the burden to parcel A is a question of fact so that summary judgment was improper. Defendants correctly point out that the determination of the extent of an easement or whether a particular use constitutes a material increase are questions of fact. *Crew's Die Casting Corp v Davidow, supra,* p 546. However, the initial question in this case is whether parcel C has any right to an easement. Nothing in the easement agreement entitles the owners of parcel C to benefit from the easement appurtenant to parcel B. The question of whether parcel C's use of the easement constitutes a material increase would not arise until the future owners of parcel B decided to take advantage of the easement as well. Although defendants presently own both parcel B and parcel C, this could change in the future. The fact that only one parcel is benefiting from the easement, as contemplated by the easement agreement, is beside the point, because that is not the parcel for which the easement was intended. Judge Warshawsky properly found that as a matter of law the easement did not extend to parcel C.

## II

The sewer lines have already been installed. The trial court, finding defendants had no easement, issued an injunction against defendants' use of the easement, and ordered them to disconnect the sewer and water lines. Defendants argue on appeal that the issuance of a permanent injunction was an abuse of the trial court's discretion, as plaintiffs have shown no irreparable harm.

When an injury is irreparable, or the interference is of a permanent or continuous character, or

the remedy at law will not afford adequate relief, a bill for an injunction is an appropriate remedy. 10 Michigan Law & Practice, Easements, § 34, p 128. The granting of injunctive relief is within the sound discretion of the court, and the decision must be based on the facts of the particular case. *Roy v Chevrolet Motor Car Co,* 262 Mich 663, 668; 247 NW 774 (1933).

Michigan courts have granted injunctions in easement cases even harsher than that ordered in this case. In *Longton v Stedman,* 182 Mich 405; 148 NW 738 (1914), the Court ordered defendants to tear down the brick building they had erected which obstructed plaintiff's easement. Although defendants argue that plaintiffs did not initiate this litigation until after the sewer had been completely installed, plaintiffs contend that they informed defendants both verbally and in writing that defendants had no right to use plaintiffs' property, and defendants admitted this in their answer. We recognize that preventing defendants from using the sewer line already installed will cause them further expense and hardship, but plaintiffs' advance written and verbal warnings to defendants should have put defendants on notice as to the possible consequences of beginning the installation of the sewer line.

The trial court is affirmed in all respects.