PEOPLE v PREHN

Docket No. 86937. Submitted June 17, 1986, at Lansing. Decided July 22, 1986.

Thomas D. Prehn was charged with the offense of operating a motor vehicle while under the influence of intoxicating liquor, but was convicted by a jury of the lesser included offense of operating a motor vehicle while impaired. He later pled guilty to a supplemental information charging him with impaired driving, second offense, Washtenaw Circuit Court, Ross W. Campbell, J. Defendant appealed, claiming error in the trial court's instruction in response to a question by the jury regarding the extent to which it could consider evidence of defendant's ingestion of an anti-depressant drug in determining whether defendant was intoxicated as charged. *Held:*

The trial court did not err in instructing the jury that it could consider defendant's ingestion of the drug in determining whether defendant was, in fact, under the influence of intoxicating liquor. Defendant's susceptibility to the influence of liquor he admitted to having imbibed prior to driving was relevant in determining his guilt of the charged offense, and thus any factor, such as his use of the drug, which might increase his susceptibility to the influence of alcohol was proper for the jury to consider.

Affirmed.

Criminal Law — Intoxicating Liquors — Driving Under the Influence of Liquor — Evidence — Jury.

A jury may properly consider evidence of a defendant's ingestion of drugs or medication and the effect such ingestion would have had on defendant's susceptibility to intoxication from a subsequent ingestion of intoxicating liquor in determining whether the defendant is guilty of the offense of operating a motor vehicle while under the influence of intoxicating liquor or the lesser included offense of operating a motor vehicle while impaired (MCL 257.625, 257.625b; MSA 9.2325, 9.2325[2]).

References

Am Jur 2d, Automobiles and Highway Traffic §§ 296-311, 375-381.

See the annotations in the ALR3d/4th Quick Index under Driving While Intoxicated.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Jane M. Thurston,* for defendant on appeal.

Before: SHEPHERD, P.J., and J. H. GILLIS and MACKENZIE, JJ.

PER CURIAM. Defendant was charged with operating a motor vehicle under the influence of intoxicating liquor, MCL 257.625; MSA 9.2325, but was convicted by a jury of the lesser included offense of operating a motor vehicle while impaired, MCL 257.625b; MSA 9.2325(2). He later pled guilty to a supplemental information charging impaired driving, second offense. He appeals as of right.

Defendant's first argument on appeal concerns an instruction given by the trial court in response to a question from the jury as to whether the defendant's use of a drug in combination with alcohol can be considered in determining whether defendant was "under the influence of alcohol" as intended by the statute. The issue arose because the defendant testified that while he consumed only three beers prior to driving, the effect was enhanced because he also ingested Loxitane, an anti-depressant drug which had been prescribed for him. Expert testimony revealed that alcohol can enhance the primary calming effect of the drug and its secondary effect of drowsiness. In response to the question from the jury, the trial court instructed them as follows:

> The defendant being charged with operating a motor vehicle while under the influence of intoxicating liquor, can only be convicted of that offense if it is proved beyond a reasonable doubt that he

was under the influence of intoxicating liquor at the time he was operating a motor vehicle. He is not charged with driving while under the influence of prescription drugs or medication, and, hence, cannot be convicted if he was intoxicated, and his intoxication was solely caused by his consumption of drugs or medication.

If, however, it is proven beyond a reasonable doubt that the defendant was intoxicated while driving the motor vehicle in question, and that such intoxication was due to the combined effect of voluntarily consumed intoxicating liquor and prescription drugs or medication, then the defendant may be convicted of driving under the influence of intoxicating liquor, even though the amount of intoxicating liquor consumed would not alone, absent the effect of the prescription drugs or medication, have rendered him intoxicated to the extent described in the jury instructions I have given you defining this offense.

The same principle applies to the lesser included offense of operating a motor vehicle while [impaired].

Noting that the information filed in this case stated only that defendant was operating a motor vehicle under the influence of intoxicating liquor, defendant argues that the trial court's instruction had the effect of amending the information to include an entirely new offense, that of operating a motor vehicle under the influence of intoxicating liquor and/or prescription drugs. We disagree, since we read the trial court's instruction as allowing the jury to convict only of operating a motor vehicle while under the influence of intoxicating liquors, but permitting them to consider the defendant's ingestion of Loxitane in determining whether defendant was, in fact, "under the influence." This would be no different than allowing the jury to consider a defendant's weight in deter-

mining whether the amount of alcohol ingested was sufficient to place the person under its influence for purposes of this section. Defendant's susceptibility to the influence of the liquor he admitted to having imbibed prior to driving was relevant in determining his guilt of the charged offense, and thus any factor, whether it be his weight or his use of prescription drugs, which might increase his susceptibility to the influence of alcohol could be properly considered. The same is true for the lesser-included offense of which defendant was convicted, i.e., driving a motor vehicle after impairment of ability due to consumption of intoxicating liquor, MCL 257.625b; MSA 9.2325(2). Therefore, the trial court's instruction to the jury did not constitute the amendment of the information to charge defendant with a different crime. Rather, the instruction merely clarified for the jury one of the factors which might be of relevance in determining defendant's guilt of the charged offense. There was no error.

Defendant's failure to provide this Court with a transcript of the voir dire proceedings prevents our consideration of the second issue raised in his brief. The issue has therefore been abandoned. *People v Kelly*, 122 Mich App 427, 430; 333 NW2d 68 (1983).

Affirmed.