McKIM v GREEN OAK TOWNSHIP BOARD

Docket No. 85429. Submitted April 15, 1986, at Lansing. Decided January 15, 1987

The Green Oak Township Board adopted two resolutions requiring that all mail and bills coming to the township be received and distributed by the township secretary. It also approved a motion prohibiting the removal of township records from the township hall for longer than eighteen hours. Marlyne J. McKim, the township clerk, brought an action against the board and the township in the Livingston Circuit Court, alleging that the resolutions and the eighteen-hour restriction impeded her ability to perform her statutory duties. She also alleged that the board had limited the funding for the clerk's office by removing a clerical position and limiting the salary allocated for a deputy clerk and sought a writ of mandamus ordering sufficient funding. The court, Stanley J. Latreille, J., declared the resolutions and the eighteen-hour restriction to be invalid, denied a writ of mandamus and retained jurisdiction to make sure that the clerk was given sufficient clerical help. Plaintiff also sought and received an award for attorney fees. Defendants appealed.

The Court of Appeals *held:*

1. A township clerk is charged by statute with the responsibility of controlling and keeping safe all of the township's papers, including the mail and bills. Any township resolution entrusting control of the township's mail and bills to anyone other than the clerk or restricting the removal of township records constitutes an unlawful restraint upon the clerk's duties.

2. The eighteen-hour restriction unduly infringed upon plaintiff's ability to perform her statutory duties.

3. The court's injunctions and retained jurisdiction do not violate the doctrine of separation of powers.

4. Defendants did not provide any transcript of the hearing

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 231 *et seq.*

See the annotations in the Index to Annotations under Public Officers and Employees.

at which attorney fees were awarded and, thus, are deemed to have abandoned the issue.

Affirmed.

J. P. Swallow, J., concurred, citing the constitutional establishment of the office of township clerk.

1. Townships — Clerks.

A township's clerk is charged by statute with the responsibility of controlling and keeping safe all of the township's papers, including the mail and bills; a township resolution entrusting control of the township's mail and bills to anyone other than the clerk or restricting the removal of township records constitutes an unlawful restraint upon the clerk's duties (MCL 41.65, 41.69; MSA 5.57, 5.61).

2. Appeal — Preserving Question — Transcripts.

The Court of Appeals may consider an issue abandoned on appeal where an appellant fails to provide the Court with a transcript of all proceedings necessary to aid in a review of an alleged error claimed to have occurred.

*Kizer & Reader* (by *David J. Reader*), for plaintiff.

*Raymond F. Clevenger, P.C.* (by *Raymond F. Clevenger*), for defendants.

Before: Allen, P.J., and MacKenzie and J. P. Swallow,* JJ.

Per Curiam. Defendants appeal as of right from an order granting summary disposition in favor of plaintiff and vacating certain township resolutions which the court concluded illegally interfered with plaintiff's ability to perform her statutory duties. We affirm.

This case involves a dispute over who is to receive township mail and bills and where minutes of township meetings will be typed. On October 19, 1983, defendant Township Board adopted the fol-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

lowing resolution, titled "Incoming Mail Procedures":

> 1. All incoming mail is to be received by the General Township Secretary—(unallocated). All pieces are to be date stamped.
>
> 2. Said Secretary shall sort and distribute said mail to the appropriate offices, i.e., Treasurer to Treasurer, Clerk to Clerk, Fire to Fire, etc. All mail addressed to the Township Board shall be opened and copied to same, with the original to the Clerk's office. This shall include any mail addressed (in care of) an individual, with the appropriate individual receiving the original.
>
> 3. All mail not specifically addressed as above shall be opened by said Secretary and distributed to the appropriate office.
>
> 4. In the case of absence of the above stated Secretary, available office personnel shall follow the above stated procedures.

On the same date, the board also adopted a resolution titled "Incoming Bill Procedures":

> 1. All incoming bills are to be received by the General Township Secretary, (unallocated).
>
> 2. Secretary shall correlate said bills with appropriate purchase orders and file in her appropriate location.
>
> 3. Said Secretary shall compile a listing of all bills for approval of the Township board for payment. Said listing shall include notation of bills which have prior payment approval, such as telephone, electric, gas, insurance, etc.
>
> 4. Following Board approval for payment, said Secretary shall prepare payment checks for signature of Clerk and Treasurer. After signature, Secretary shall mail out said checks.
>
> 5. All bills; unpaid or paid shall be filed with said Secretary for continuity with purchase orders and/or possible follow up procedures.

On December 15, 1983, the board approved a motion prohibiting the removal of township records from the township hall for a period longer than eighteen hours.

Plaintiff vigorously opposed the resolutions and the eighteen-hour restriction as an unreasonable restraint on her ability to perform her statutory duties as township clerk under MCL 41.65; MSA 5.57. She obtained various independent legal opinions supporting her position including opinions from private counsel and the Michigan Townships Association and forwarded them to the board, which referred them to the township attorney. No resolution of the dispute was reached. On February 27, 1984, plaintiff filed the instant complaint, alleging that the two resolutions and the eighteen-hour restriction impeded her ability to perform her statutory duties and seeking injunctive relief. Plaintiff further complained that the board had limited the funding for the clerk's office by removing a clerical position and limiting the salary allocated for a deputy clerk and sought a writ of mandamus ordering sufficient funding. Finally, plaintiff requested reimbursement for attorney fees.

On June 4, 1984, plaintiff moved for summary judgment pursuant to GCR 1963, 117.2(2) and (3), alleging that any questions involved in the within matter were questions of law and not of fact. A hearing was conducted on the motion on June 18, 1984, and the matter was taken under advisement. On March 19, 1985, the court entered a written opinion granting plaintiff injunctive relief by vacating the resolutions and the eighteen-hour restriction. However, the court found that the "pool" type operation for secretarial help was well-suited to the needs of the township and refused to order that a secretary be assigned exclusively to plaintiff

so long as sufficient secretarial help was available to permit plaintiff to perform her job. To ensure that plaintiff was provided with adequate secretarial assistance, the court retained continuing jurisdiction. Following a May 20, 1985, hearing on plaintiff's motion for costs and attorney fees, an order was entered incorporating the court's opinion and awarding plaintiff $4,800 in attorney fees.

On appeal, the board contends that the trial court erred in vacating its resolutions and the eighteen-hour restriction. We disagree.

MCL 41.65; MSA 5.57 provides:

*The township clerk of each township shall have the custody of all of the records, books, and papers of the township, when no other provision is made by law;* and he shall duly file and safely keep all certificates of oaths and other papers required by law to be filed in his office, and record such as are required by law to be recorded therein; such records, books, and papers shall not be kept in any saloon, restaurant, public inn, hotel, place of public amusement, nor in any place where intoxicating drinks of any kind are kept or sold, or where gaming or plays of chance of any kind are carried on, nor where they will be exposed to unusual hazard of fire or theft, and he shall deliver the same on demand to his successor in office; he shall also open and keep an account with the treasurer of his township, and shall charge such treasurer with all funds which shall come into his hands by virtue of his office, and shall credit him with all moneys paid out by him on the order of the proper authorities of the township, and shall enter the date and amount of all vouchers in a book kept by said clerk in said office; he shall also open and keep a separate account with each of the several funds belonging to his township, and shall credit each of said funds with such amounts as properly belong to them, and shall charge them severally with all warrants drawn on the township trea-

surer and payable from said funds respectively.
[Emphasis added.]

*Webster's Seventh Collegiate Dictionary* (1972)
defines "custody" as "immediate charge and con-
trol exercised by a person or an authority." *Black's
Law Dictionary* (rev 4th ed) defines a "paper" as
"[a]ny writing or printed document, including let-
ters, memoranda, legal or business documents, and
books of account . . . ." Hence, it seems clear that
MCL 41.65; MSA 5.57 bestows a township clerk
with the responsibility to exercise control over all
township papers, including mail and bills, unless
otherwise provided for by law.

Although, as the board points out, the township
supervisor and treasurer are statutorily authorized
to maintain the books or papers *of those offices,*
see MCL 41.62; MSA 5.53 and MCL 41.78; MSA
5.70, we have found no other statutory provision
which authorizes a person other than the clerk to
have control of the *township's* papers. It follows
that the board's resolutions entrusting control of
*township* mail and bills to the general township
secretary is in contravention of MCL 41.65. We
note that this result is consistent with MCL 41.69;
MSA 5.61, which requires the *clerk*—not the gen-
eral township secretary—to file a bond "especially
for the safekeeping of the records, books, and
papers of the township in the manner required by
law . . . ." A clerk without custody or control of
township papers can hardly fulfill her duty of
safekeeping those records. Accordingly, the deci-
sion of the trial court is affirmed insofar as it
vacates the board's "Incoming Mail Procedures"
and "Incoming Bill Procedures" resolutions.

We also agree with the trial court that defen-
dant's eighteen-hour restriction constitutes an im-
permissible restraint on plaintiff's authority as

township clerk. In regard to this restriction, the trial court stated:

> There are many statutes outlining the right of the public to access to Township records during normal business hours, and indeed, clearly the Township Clerk must not only make such documents available to the public but also to other Township officials. For the Township Clerk in a township the size of Green Oak Township—one with full time clerical assistance—to remove records during normal business hours would be a foolish practice. However, the assertion by the plaintiff here is that she desires to take some records home over the weekend (when the Township Hall is closed) for the purpose of working on them at home on her computer . . . The custodian of these public documents is the Township Clerk, and her office may be in her home as well as at the Township Hall. Indeed, this Court will take judicial notice of the fact that many Township Clerks in Michigan keep virtually all of their records in their homes. This Court holds that such a restriction on the Township Clerk is an illegal attempt to restrain her right to custody of the Township records.

Since MCL 41.65; MSA 5.57 does not prohibit a clerk from taking records home and instead charges the clerk with custody of such records, we conclude that the trial court properly determined that the eighteen-hour rule unduly restricted plaintiff's ability to perform her duties.

Defendants have raised several allegations of error on appeal, all without merit. The "unresolved factual issues" of which defendants complain are questions of law, not questions of fact. Because they were not decided adversely to defendants, we need not address defendants' further arguments regarding budget trends, the clerical pool arrangement, or the appropriateness of plain-

tiff's action for mandamus. As for defendants' claims regarding injunctive relief, the cases cited by defendants are either inappropriate or fail to recognize that such relief is available where, as here, the plaintiff has established a continuous interference by the defendant. See, e.g., *Soergel v Preston,* 141 Mich App 585, 590; 367 NW2d 366 (1985). We reject defendant's further assertions that MCL 41.73; MSA 5.65 and MCL 750.492; MSA 28.760 provide authority for the eighteen-hour limitation on removal of township documents. We do not read either statute as barring township officials from temporarily removing papers from their offices in the course of their duties as public officers. Interpretations as restrictive as those propounded by defendants would prohibit officers from working with township documents in the confines of their personal offices; we doubt that in either instance the Legislature intended such a result. We also decline to hold that the injunction and order of continuing jurisdiction violates the doctrine of separation of powers. The trial judge has not assumed budget and personnel responsibilities nor has he substituted his judgment for the judgment of the township officers; he has simply ruled on questions of law.

Finally, defendants contend that the trial court erred in awarding plaintiff attorney fees. As a general rule, attorney fees may be awarded only when authorized by statute or court rule. See, e.g., *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973). Under certain circumstances, however, the appellate courts of this state have recognized an exception to this general rule when a public official incurs attorney fees in connection with asserting or defending the performance of his or her legal duties. See, e.g., *Smedley v City of Grand Haven,* 125 Mich 424; 84

NW 626 (1900), *Exeter Twp Clerk v Exeter Twp Bd,* 108 Mich App 262; 310 NW2d 357 (1981), and *City of Warren v Dannis,* 136 Mich App 651; 357 NW2d 731 (1984), lv den 422 Mich 932 (1985). The decision to award attorney fees is discretionary in the trial court. In this case, defendants have not provided this Court with a transcript of the hearing at which the trial court ruled that plaintiff was entitled to attorney fees. It is therefore impossible for us to determine whether, under *Smedley, Exeter,* and *Dannis, supra,* the trial court properly exercised its discretion in making the award. Defendants must be deemed to have abandoned the issue on appeal. See, e.g., *People v Kelly,* 122 Mich App 427, 429-430; 333 NW2d 68 (1983).

Finally, we wish to register our dismay that as a result of what can best be characterized as a squabble between township officers, the parties have expended approximately $15,000 for legal representation *before* appeal and have no doubt burdened the resources of the trial court. We view this as an affront to the legal system and the township's taxpayers and an embarrassment to the parties. We hope that in the future such divisive conduct can be set aside in favor of more productive behavior.

Affirmed. No costs. Plaintiff's request for appellate attorney fees is denied.

J. P. SWALLOW, J. *(concurring).* I concur with the majority opinion.

I write separately only to further note that the state constitution, Const 1963, art 7, § 18, establishes the position of township clerk and vests the authority to define the administrative powers and duties of that office with the Legislature.

If, in fact, administrative problems of consequence do exist, the parties might better serve the

interests of all by petitioning the Legislature for a solution.