*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

SCIO TOWNSHIP CLERK,[1]

      Plaintiff-Appellant,

v

SCIO TOWNSHIP BOARD,

      Defendant-Appellee.

UNPUBLISHED
December 21, 2023

No. 363414
Washtenaw Circuit Court
LC No. 22-000414-CZ

Before: RIORDAN, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff, the Scio Township Clerk,[1] appeals as of right the trial court order granting defendant, the Scio Township Board, summary disposition under MCR 2.116(C)(8) and MCR 2.116(I)(2). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

Scio Township uses BS&A software to electronically store and manage the township's papers, records, and books. On August 17, 2021, the Board adopted resolution 2021-31—over the township clerk's objection—which updated job descriptions for the township supervisor (an elected official) and the township administrator (a township employee). Among other duties, the township administrator's job description included: "Assist the Supervisor in preparing and administering the annual budget **and related financial reports** under policies formulated by the Board and state law." Later, on February 22, 2022, the Board adopted resolution 2022-05—again over the township clerk's objection—which updated the township administrator's job description. Among other duties, the township administrator's job description included: (1) "**Hold ultimate authority over BS&A administration and accessibility**," and (2) "**Hold ultimate authority over administration of all software including assignment of access**."

---

[1] Jessica Flintoft has served as the Scio Township Clerk at all times relevant to this appeal.

In Spring 2022, the township administrator received permissions to manipulate the BS&A modules—the township administrator gave the deputy treasurer temporary "read/write" access to some of the BS&A modules. The township clerk promptly revoked the deputy treasurer's "read/write" access, and in response, the township administrator revoked the clerk's ability to change other user's access permissions. The township administrator restored the deputy treasurer's temporary "read/write" access, and 11 days later, the township administrator revoked the deputy treasurer's "read/write" access.

The township clerk's BS&A access was subsequently restored to "enterprise administrator."[2] The township clerk's enterprise-administer access was now concurrent with the township administrator's enterprise-administer access. Nothing in either resolution took away the township clerk's ability to access or modify BS&A-records; moreover, she has maintained concurrent read-and-write access throughout the entirety of this case. The township clerk simply argues that: (1) according to MCL 41.65, her custody of the records was exclusive; and (2) the township's resolutions wrongfully gave someone else concurrent custody of the records, which violated the township clerk's statutory duties. The trial court disagreed and granted summary disposition in favor of the Board.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

The township clerk argues that the trial court erred by granting the Board's motion for summary disposition under MCR 2.116(C)(8). We review "de novo a trial court's decision on a motion for summary disposition, reviewing the record in the same manner as must the trial court to determine whether the movant was entitled to judgment as a matter of law." *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012). MCR 2.116(C)(8) provides that the trial court may grant summary disposition in favor of the moving party when, "[t]he opposing party has failed to state a claim on which relief can be granted." When considering a motion under MCR 2.116(C)(8), the "trial court must accept all factual allegations as true, deciding the motion on the pleadings alone," and the motion "may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).

"We review de novo questions of statutory interpretation." *Noll v Ritzer*, 317 Mich App 506, 509; 895 NW2d 192 (2016). "A court's primary purpose in interpreting a statute is to ascertain and effectuate legislative intent. Courts may not speculate regarding legislative intent beyond the words expressed in a statute." *Mich Ed Ass'n v Secretary of State (On Rehearing)*, 489 Mich 194, 217; 801 NW2d 35 (2011) (quotation marks and citation omitted). "[N]othing may be read into a statute that is not within the manifest intent of the Legislature as derived from the act itself." *Id.* (quotation marks and citation omitted). "As far as possible, effect should be given to

---

[2] An 'Enterprise Administrator' in the BS&A software has complete authority, including to access all modules, read all modules, edit or write over data within all modules, grant access to new users, and assign any level of access to any user.

every phrase, clause, and word in the statute." *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999). "When the plain and ordinary meaning of statutory language is clear, judicial construction is neither necessary nor permitted." *Pace v Edel-Harrelson*, 499 Mich 1, 7; 878 NW2d 784 (2016).

## B. ANALYSIS

The township clerk argues that the Board violated MCL 41.65 by passing resolutions 2021-31 and 2022-05 "which interfered with and usurped duties that are statutorily vested exclusively with the Clerk." Specifically, MCL 41.65 provides that the township clerk "shall have custody of all the records, books, and papers of the township, when no other provision for custody is made by law," and that "[t]he township clerk shall prepare and maintain the journals and ledgers necessary to reflect the assets, liabilities, fund equities, revenues, and expenditures for each fund of the township." Nothing in the plain language evinces a legislative intent to give a township clerk exclusive custody. See *Mich Ed Ass'n*, 489 Mich at 217 (recognizing that this Court may not read requirements into a statute that are derived from the language used in the statute). The township clerk's preferred interpretation would require this Court to add the word "exclusive" in front of the word "custody" in MCL 41.65. Such a judicial rewriting of the statute, however, is improper. Accordingly, we conclude that MCL 41.65 grants the township clerk access to the township's records, but it does not grant her exclusive custody of the township's records, books, and papers.

The township clerk additionally relies on *McKim v Green Oak Twp Bd*, 158 Mich App 200; 404 NW2d 658 (1987). She argues that the *McKim* Court stands for the proposition that a township clerk's custody of the township records, books, and papers is exclusive. *McKim*, involved a dispute over whether the township clerk or the township secretary should receive the township mail and bills. *Id*. at 201-202. The township clerk opposed two resolutions—"Incoming Mail Procedures" and "Incoming Bill Procedures"—which stated that the township secretary, not the township clerk, was to receive all incoming mail and bills. *Id*. at 202. The township clerk argued that the resolutions placed "an unreasonable restraint on her ability to perform her statutory duties as township clerk under MCL 41.65." *Id*. at 203 (citation omitted). This Court agreed with the clerk, reasoning as follows:

> *Webster's Seventh Collegiate Dictionary* (1972) defines "custody" as "immediate charge and control exercised by a person or an authority." *Black's Law Dictionary* (rev 4th ed) defines a "paper" as "[any] writing or printed document, including letters, memoranda, legal or business documents, and books of account . . . ." Hence, it seems clear that MCL 41.65 bestows a township clerk with the responsibility to exercise control over all township papers, including mail and bills, unless otherwise provided for by law.

> * * *

> [W]e have found no other statutory provision which authorizes a person other than the clerk to have control of the *township's* papers. It follows that the board's resolutions entrusting control of *township* mail and bills to the general township secretary is in contravention of MCL 41.65. We note that this result is consistent

with MCL 41.69, which requires the *clerk*—not the general township secretary—to file a bond "especially for the safekeeping of the records, books, and papers of the township in the manner required by law . . . ." A clerk without custody or control of township papers can hardly fulfill her duty of safekeeping those records. Accordingly, the decision of the trial court is affirmed insofar as it vacates the board's "Incoming Mail Procedures" and "Incoming Bill Procedures" resolutions. [*Id.* at 205 (citations omitted; alterations in original).]

Therefore, this Court concluded that the township clerk could not be prohibited from receiving the incoming mail and bills, *id.* at 206; however, this Court did not address whether other officials could have *concurrent* access to the mail and bills. Neither *McKim* nor MCL 41.65 expressly gives a township clerk authority to have exclusive access to the township's records, books, and papers.

We conclude that a township clerk is entitled to access township records and papers; however, a township clerk is not entitled to exclusive access. In this case, resolutions 2021-31 and 2022-05 did not remove the township clerk's ability to access or modify BS&A-records. Moreover, the township clerk maintained concurrent read-and-write access throughout the entirety of this case. The resolutions merely allow other members concurrent access to the records. We agree with the trial court's following statement made during its ruling: "I take no position as to whether it's wise, not wise, whether I agree or whether I disagree. It's frankly none of my business. It's the business of the elected officials and the public that has elected them to perform their duties." Therefore, resolutions 2021-31 and 2022-05 are lawful, and the trial court did not err by granting the Board's motion for summary disposition under MCR 2.116(C)(8).[3]

Affirmed. The Board may tax costs as the prevailing party. MCR 7.219(A).

/s/ Michael J. Riordan
/s/ Christopher M. Murray
/s/ Michael J. Kelly

---

[3] Because we conclude that the trial court did not err by granting the Board's motion for summary disposition, we need not address the township clerk's argument that the trial court should have awarded her attorney fees because she is a public official who incurred attorney fees in connection with defending the performance of her legal duties.