McKENTRY v EMPLOYMENT SECURITY COMMISSION

Docket No. 43884. Submitted February 6, 1980, at Grand Rapids.—Decided August 11, 1980.

Plaintiff, Bessie McKentry, sought review of a decision of the Michigan Employment Security Appeal Board which held that plaintiff was not entitled to unemployment compensation benefits from defendants Michigan Employment Security Commission, Muskegon Area Intermediate School District and Goodwill Industries. The Muskegon Circuit Court, John H. Piercey, J., affirmed that decision, stating that plaintiff was not physically able and available to continue working in her last job and that such ability and availability is required by the Michigan Employment Security Act. Plaintiff appeals. *Held:*

The Michigan Employment Security Act does not require that a claimant must be able to perform her last job; rather, all that is required is that she is able and available to perform full-time work for which she has previously received wages.

Reversed and remanded.

UNEMPLOYMENT COMPENSATION — QUALIFICATION — ABILITY AND AVAILABILITY TO PERFORM WORK — STATUTES.

The Michigan Employment Security Act does not require that a claimant be able to perform his last job in order to be entitled to unemployment compensation benefits; rather, all that is required is that the claimant be able and available to perform full-time work for which he has previously received wages (MCL 421.28[1][c]; MSA 17.530[1][c]).

*McCroskey, Libner, Van Leuven, Feldman, Kortering, Cochrane & Brock* (by *Robert O. Chessman),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James H. White,* Assistant Attorney General, for defendants.

REFERENCE FOR POINTS IN HEADNOTE

[1] 76 Am Jur 2d, Unemployment Compensation §§ 32, 68.

Before: Danhof, C.J., and R. B. Burns and Mac-
Kenzie, JJ.

R. B. Burns, J. Plaintiff appeals a judgment of
the circuit court which affirmed the decision of the
Michigan Employment Security Appeal Board de-
nying plaintiff benefits under the Michigan Em-
ployment Security Act, MCL 421.1 *et seq.;* MSA
17.501 *et seq.,* for the period January 11, 1976,
through August 18, 1976.

The plaintiff began working for defendant Good-
will Industries September 30, 1974. She worked for
Goodwill until November 14, 1975, when she left
to take a job with defendant Muskegon Area Inter-
mediate School District. Plaintiff worked for the
school district as a teacher's aide. She had worked
only two days when she had trouble with her
knee. Plaintiff's employment was terminated by
defendant school district on November 19, 1975,
due to her inability to appear for work. Plaintiff's
physician treated her for thrombophlebitis and
released her for work January 8, 1976.

Plaintiff filed a claim for unemployment benefits
on January 8, 1976. The claim was denied. On
redetermination the referee stated, "[t]he record is
clear in this matter that claimant is and has been
unable to do her customary work since November
19, 1975". Plaintiff was determined to be ineligible
for benefits under subsection 28(1)(c) of the act.
MCL 421.28(1)(c); MSA 17.530(1)(c). The appeal
board and the circuit court judge affirmed the
decision of the referee. In affirming the referee's
decision, the circuit court stated:

"Mrs. McKentry by her own admission has stated
that due to her physical condition she is unable to

continue full-time employment in the nature of the job she held at the Intermediate School District."

Subsection 28(1)(c) of the act sets forth the criteria for determining a claimant's ability and availability to perform full-time work. The subsection requires that a claiment be:

"able and available to perform suitable full-time work of a character *which he is qualified to perform by past experience or training, and of a character generally similar to work for which he has previously received wages*". (Emphasis supplied.) MCL 421.28(1)(c); MSA 17.530(1)(c).

At the hearing before the referee, plaintiff testified that she could not return to work for defendant school district because she could not stand on her feet all day. However, she also testified that there was work which she had performed in the past which she could still do, such as working for the telephone company or for Misco Corporation. Both of these jobs gave plaintiff an opportunity to spend part of the day sitting down.

The lower court and the administrative agency focused on the fact that the plaintiff could not perform the job she last held with defendant school district in determining that plaintiff was not able and available to perform full-time work. A plain reading of the statute does not indicate that a claimant must be able to perform his *last job* but only that "[h]e is able and available to perform full-time work * * * for which he has previously received wages".

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.