CHRYSLER CORPORATION v SELLERS

Docket No. 50877. Submitted February 9, 1981, at Detroit.—Decided
April 22, 1981.

Woodrow W. Sellers voluntarily retired from Chrysler Corpora-
tion. Prior to working at Chrysler, he had acquired work
experience as a service station attendant and janitor. After
retiring, Sellers sought work at service stations, hospitals and
small shops or factories but not in an automobile factory
because of his previous exposure to smoke and dust at such
jobs. Sellers applied for unemployment compensation benefits.
His application for benefits was denied, pending requalification,
upon a finding that the claimant had left his work voluntarily
without good cause attributable to his employer. Chrysler
requested a redetermination on the issue of Sellers' availability
for work. Upon redetermination, Sellers was found to be un-
available for work and ineligible for benefits. He petitioned for
redetermination and was found to be available for work and
qualified for benefits. Chrysler appealed the redetermination to
a referee who dismissed the appeal based upon a perceived lack
of jurisdiction. Sellers then appealed to the Michigan Employ-
ment Security Commission Board of Review, which directed the
referee to hold a second hearing to determine Sellers' eligibility
for benefits. The referee found Sellers to be ineligible for
benefits. The Board of Review reversed the decision of the
referee and the Wayne Circuit Court affirmed, Victor J. Baum,
J. Chrysler appeals, contending that the Board of Review and
the circuit court improperly found Sellers to be available for
work because he materially limited his availability for suitable
work. *Held:*

Sellers' failure to apply for auto plant work did not impair
his availability for work significantly enough to permit rever-
sal. Viewing the evidence in its entirety, the Board of Review's
conclusion regarding Sellers' efforts to secure employment was

REFERENCE FOR POINTS IN HEADNOTES
[1] 76 Am Jur 2d, Unemployment Compensation §§ 93, 94.
[2] 76 Am Jur 2d, Unemployment Compensation § 94.
[3, 4] 76 Am Jur 2d, Unemployment Compensation § 68.
[5] 76 Am Jur 2d, Unemployment Compensation § 68 *et seq.*

based upon competent, material and substantial evidence. The Court of Appeals can reverse a decision of the Board of Review only if the order or decision is contrary to law or is unsupported by competent, material and substantial evidence on the record. However, the extent to which benefits payable to Sellers may be reduced by his receipt of payments under Chrysler's retirement pension plan requires remand to the Michigan Employment Security Commission for a hearing at which the eligibility of Sellers for benefits in relation to his pension will be determined.

Affirmed in part and remanded.

1. Unemployment Compensation — Appeal — Scope of Review — Constitutional Law — Statutes.

The Court of Appeals may review questions of law or fact in an appeal from a decision of the Michigan Employment Security Commission Board of Review but can reverse only if the order or decision is contrary to law or is unsupported by competent, material and substantial evidence on the record (Const 1963, art 6, § 28, MCL 421.38; MSA 17.540).

2. Unemployment Compensation — Appeal — Matters of Law.

Questions presented to the Court of Appeals on appeal from a decision of the Michigan Employment Security Commission are to be treated as matters of law where there is no dispute as to the underlying facts.

3. Unemployment Compensation — Qualification for Benefits — Availability for Work — Statutes.

The Michigan Employment Security Act does not require that a claimant be able to perform his last job in order to be entitled to unemployment compensation benefits; rather, all that is required is that the claimant be able and available to perform full-time work for which he has previously received wages (MCL 421.28[1][c]; MSA 17.530[1][c]).

4. Unemployment Compensation — Availability for Work — Seeking Work — Words and Phrases — Statutes.

The requirement that a claimant for unemployment compensation to be eligible for benefits be "able and available" to work and "seeking work" means that he must be genuinely attached to the labor market, i.e., he must be desirous of obtaining employment and must be willing and ready to work (MCL 421.28[1][c]; MSA 17.530[1][c]).

5. UNEMPLOYMENT COMPENSATION — AVAILABILITY FOR WORK — NA-
   TURE OF TEST — EVIDENCE.
   The test of availability for work under the unemployment com-
   pensation act being subjective in nature, consideration of evi-
   dence as to efforts which a claimant had made on his own
   behalf to obtain work would be proper in determining the
   claimant's eligibility for benefits.

*J. Michael Kelly,* for respondent.

*Jordan Rossen* and *William Mazey,* for Woodrow
W. Sellers.

*Shirley L. Palardy,* for Michigan Employment
Security Commission.

Before: M. J. KELLY, P.J., and V. J. BRENNAN
and T. M. BURNS, JJ.

M. J. KELLY, P.J. Plaintiff, Chrysler Corporation,
appeals as of right a decision of the circuit court,
which affirmed a September 24, 1979, decision of
the Michigan Employment Security Board of Re-
view awarding unemployment benefits to claimant,
Woodrow W. Sellers.

The claimant was employed by Chrysler Corpo-
ration from April 25, 1948, until he voluntarily
retired on December 31, 1975. During his career at
Chrysler, claimant worked as a machine operator
and as a job setter. Prior to working at Chrysler,
claimant had acquired work experience as a ser-
vice station attendant and janitor. After retiring,
claimant sought work at service stations, hospitals
and small shops or factories, but he did not seek
employment in an auto factory because of his
previous exposure to smoke and dust at such jobs.

The claimant's initial application for benefits
was denied, pending requalification, in a determi-
nation issued February 10, 1976, upon a finding
that the claimant had left his work "voluntarily

without good cause attributable to the employer", MCL 421.29(1)(a); MSA 17.531(1)(a). Pursuant to Chrysler's request for a redetermination on the issue of availability for work, MCL 421.28(1)(c); MSA 17.530(1)(c), a modified determination was issued, in which the claimant was found to be unavailable for work and ineligible for benefits.[1] The claimant then petitioned for a redetermination on the availability for work issue and was found to be available and qualified for reduced benefits.[2]

On June 2, 1976, Chrysler filed an appeal of the redetermination to a referee who, after a hearing, dismissed the redetermination based upon a perceived lack of jurisdiction. An appeal by the claimant to the Board of Review (then denominated the Appeal Board) resulted in an order directing the referee to hold a second hearing to determine the claimant's eligibility for benefits under §§ 29(1)(a) and 28(1)(c) of the act.[3]

[1] This determination was issued April 5, 1976. In addition to ruling that the claimant was unavailable for work, the determination modified the Commission's February 10, 1976, conclusion that the claimant's separation from Chrysler constituted a voluntary termination without good cause.

[2] The redetermination, issued May 19, 1976, found claimant Sellers eligible for a reduced benefit of $36 per week for 13 weeks, based upon his receipt of a pension from Chrysler.

[3] On appeal, the claimant contends that the May 19, 1976, redetermination, favorable to the claimant, should be declared final. Claimant alleges that Chrysler had an obligation to appeal to the Board of Review the July 20, 1976, decision of the referee which dismissed for lack of jurisdiction Chrysler's prior appeal of the May 19 redetermination. Consequently, claimant argues, his own appeal to the Board of Review was a nullity and should have precluded further review by the board, circuit court or this Court, under MCL 421.33(2); MSA 17.535(2):

"An interested party within 20 days after the mailing of a copy of a decision of the referee or of a denial of a motion for rehearing may file an appeal to the board of review, and unless such an appeal is filed the decision or denial shall be final."

The claimant's arguments notwithstanding, we note that this provision permits any interested party to file an appeal within 20 days.

On November 16, 1977, the referee found that claimant was ineligible for receipt of unemployment compensation benefits during the period of January 4, 1976, through October 26, 1977 (the period between claimant's petition for benefits and the referee's hearing). The referee concluded that claimant failed to prove his compliance with the eligibility requirement of MCL 421.28(1)(c); MSA 17.530(1)(c), which provides:

"(1) Eligibility for benefits. An unemployed individual shall be eligible to receive benefits with respect to any week only if the commission finds that:

\* \* \*

"(c) Ability and availability to perform full-time work. He is able and available to perform suitable full-time work of a character which he is qualified to perform by past experience or training, and of a character generally similar to work for which he has previously received wages, and he is available for such work, full time, either at a locality at which he earned wages for insured work during his base period or at a locality where it is found by the commission that such work is available."

Specifically, the referee found the claimant's efforts to find employment were "random or sporadic" and not sufficient to meet the above statute.

Further, there is no requirement that the appeal from redetermination be unfavorable to the appellant or that such an appeal would be a nullity. Even if it did, however, claimant does not show that the referee's decision dismissing plaintiff's appeal was totally favorable to claimant. To the contrary, claimant's notice of appeal itself indicated an awareness that the redetermination favorable to claimant had also been "voided by the referee's decision". The referee's decision stated that "[t]he type of 'pseudo' adjudications issued in this matter must be considered nullities, *ab initio,*" and that the "purported 'redetermination' issued on May 19, 1976, without sufficient specificity to advise all interested parties of subject matter and claims periods involved \* \* \* [is] hereby set aside and held for naught". Under these circumstances, the claimant's appeal from the referee's July 20, 1976, decision was that of an interested party.

The referee also held that the claimant's application for and receipt of benefits did not, without further evidence, establish a prima facie case of eligibility.

On appeal, the Board of Review reversed the decision of the referee, and found that claimant had actively sought work of a character in which he had previous work experience. The board held that the claimant did not have to seek the kind of work he was performing just prior to his retirement. To establish eligibility under § 28(1)(c), it was sufficient that the claimant had sought employment of a type which he was able to do "by past experience or training". From the circuit court's decision affirming the Board of Review's holding, the plaintiff raises one substantive issue.

The plaintiff contends in this appeal that the Board of Review and circuit court improperly found the claimant available for work as required by § 28(1)(c) because he materially limited his availability for suitable work. We disagree and affirm.

On appeal from decisions of the Board of Review, we may review questions of law or fact, Const 1963, art 6, § 28, MCL 421.38; MSA 17.540, but we can reverse only if the order or decision is contrary to law or is unsupported by competent, material and substantial evidence on the record. If there is no dispute as to underlying facts, questions presented on appeal are to be treated as matters of law. *Laya v Cebar Construction Co,* 101 Mich App 26, 29; 300 NW2d 439 (1980).

The circuit court cited this standard in its decision in this case, and then ruled that it found no error of law in the board's holding:

"The Board of Review held that it was sufficient for

eligibility if the claimant were available for work which he is able to do by reason of past experience or training. I see no error of law in this holding by the Board of Review.

"The statute does not require a claimant to seek all work that he might be deemed capable of performing, nor does the statute require that he be seeking work of the last kind that he did prior to becoming unemployed. The statute requires only that he should be available and able for work of a character similar to the work for which he previously received wages.

"There is no dispute in the evidence concerning the claim of the appellee that he had previously received wages for janitorial work and for service station work."

The interpretation of § 28(1)(c) made by the board and the circuit court is supported by a recent interpretation of the same section made by this Court's recent decision in *McKentry v Employment Security Comm,* 99 Mich App 277; 297 NW2d 652 (1980). In *McKentry,* the Court addressed an appeal in which the claimant was unable to return to work similar to her most recent job as a teacher's aide because the constant standing required by the job aggravated her thrombophlebitis condition. Additional testimony disclosed that the claimant could still perform jobs she had held prior to being a teacher's aide. This Court held:

"The lower court and the administrative agency focused on the fact that the plaintiff could not perform the job she last held with defendant school district in determining that plaintiff was not able and available to perform full-time work. A plain reading of the statute does not indicate that a claimant must be able to perform his *last job* but only that '[h]e is able and available to perform full-time work * * * for which he has previously received wages.' " *Id.,* 279. (Emphasis in original.)

Thus, that aspect of plaintiff's argument alleging an impermissible restriction on the scope of work which the claimant could perform is without merit. According to *McKentry,* claimant's failure actively to seek a job like his last one does not constitute a material restriction of his availability under the act. Just as the claimant in *McKentry* did not actively seek employment as a teacher's aide because it aggravated her physical condition, claimant in the instant case did not actively seek work in a large auto factory because he wished to avoid further exposure to smoke. Viewing the evidence as a whole, we do not find the claimant's failure to apply for auto plant work so significantly impaired his availability for work[4] as to permit reversal.

The second aspect of the plaintiff's argument alleges insufficient efforts by the claimant to seek or obtain work. In *Dwyer v Unemployment Compensation Comm,* 321 Mich 178, 188-189; 32 NW2d 434 (1948), the Supreme Court, interpreting language in the prior act almost identical to that found in the present § 28(1)(c), discussed the concept of availability:

"To be available for work within the meaning of the act, the claimant must be genuinely attached to the labor market, *i.e.,* he must be desirous to obtain employment, and must be willing and ready to work.

---

[4] We note and distinguish factually the Supreme Court's decision in *Ford Motor Co v Unemployment Compensation Comm,* 316 Mich 468; 25 NW2d 586 (1947), cited by the plaintiff as controlling. In *Ford,* the claimant limited her availability to the afternoon shift only, contending that her presence at home during the morning hours was required to awaken her children, fix their breakfasts and send them to school. The Court found the claimant was unavailable for work based upon a restriction imposed "not for any reason connected with the character of the labor itself, but rather because of the situation in her home". *Ford, supra,* 473. In the era of ERA the *Ford* decision may have lost viability. Regardless, we find Sellers' basis for restriction on a parallel with *McKentry's* so far as reviewability is concerned.

* * *

"The test suggested is subjective in nature. Whether or not a claimant is in fact available for work depends to a great extent upon his mental attitude, *i.e.,* whether he wants to go to work or is content to remain idle. Indicative of such mental attitude is evidence as to efforts which the person has made in his own behalf to obtain work. A person who is genuinely attached to the labor market and desires employment will make a reasonable attempt to find work, and will not wait for a job to seek him out. It is proper for the commission to take such evidence into consideration in determining whether or not a person is eligible for benefits."

See also *Bingham v American Screw Products Co,* 398 Mich 546, 558; 248 NW2d 537 (1976).

The *Dwyer* Court found the claimant's three or four efforts to secure employment over a period of 19 months insufficient to support a finding of availability. Also, the Court found that the claimant impermissibly restricted himself by not seeking work as a police officer or painter, two jobs for which he was qualified by experience. The only reason offered by the claimant for not seeking police work was his perception that returning war veterans had crowded the applicant field.

The present case offers a quite different profile of the claimant's job search efforts. The board found the claimant's efforts to find work were sufficient under the act because claimant had "looked for work three or four times per week," and "there was never a week during which he failed to seek work". He sought work at small shops on approximately 15 occasions and identified a number of hospitals and service stations at which he also sought work. Viewing the evidence in its entirety, we find that the Board of Review's conclusion regarding the claimant's efforts to se-

cure employment was based upon competent, material and substantial evidence.

We also address a second issue not raised by the parties: the extent to which benefits payable to the claimant may be reduced by his receipt of payments under Chrysler's retirement pension plan. MCL 421.27(f); MSA 17.529(f). Our review of the record on appeal discloses no sufficient information regarding the amount of payments into or out of the plan. We are thus left without a basis upon which to determine the appropriate set-off, if any, applicable to the claimant's unemployment benefits.

This case is remanded to the Commission for a hearing at which the claimant's eligibility for benefits, in relation to his pension, will be determined under MCL 421.27(f); MSA 17.529(f).

Affirmed in part and remanded. We do not retain jurisdiction.