## AMALGAMATED TRANSIT UNION v CITY OF DETROIT

Docket No. 81130. Submitted October 2, 1985, at Detroit.—Decided December 5, 1985.

The City of Detroit entered into a contract with the Amalgamated Transit Union, which represents bus drivers who work for the city, providing for a wage freeze for two years and a six percent wage increase thereafter. The city refused to increase wages when the increase was due. The union filed an unfair labor practice charge with the Employment Relations Commission, alleging violation of the public employment relations act. The Employment Relations Commission granted the wage increase, interest on the past due amounts, attorney fees and litigation expenses. The city appealed. *Held:*

1. The Court of Appeals may reverse decisions of the Michigan Employment Relations Commission only if the decision is contrary to law or not supported by competent, material and substantial evidence on the record as a whole. There was ample evidence to support the finding of a violation of the act.

2. Attorney fees are awardable under this act.

Affirmed.

1. LABOR RELATIONS — MICHIGAN EMPLOYMENT RELATIONS COMMISSION — APPEAL.

The Court of Appeals may reverse decisions of the Michigan Employment Relations Commission only if the decision is contrary to law or not supported by competent, material and substantial evidence on the record as a whole; where there is no dispute as to the underlying facts, questions presented on appeal are to be treated as matters of law (Const 1963, art 6, § 28; MCL 423.216[e]; MSA 17.455[16][e]).

2. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — ATTORNEY FEES.

Attorney fees may be awarded in cases under the public employ-

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 546 *et seq.,* 1764 *et seq.,* 2000 *et seq.,* 2593.

See the annotations in the ALR3d/4th Quick Index under Attorneys' Fees; Compensation; Labor and Labor Unions.

ment relations act as will effectuate the policies of the act (MCL 423.216[b]; MSA 17.455[16][b]).

*Miller, Cohen, Martens & Ice, P.C.* (by *Mark H. Cousens*), for the Amalgamated Transit Union.

*Donald Pailen,* Corporation Counsel, *Abigail Elias,* Deputy Corporation Counsel, and *Thomas L. Walters* and *Trudy D. Archer,* Assistants Corporation Counsel, for the City of Detroit.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and K. B. GLASER,* JJ.

PER CURIAM. The City of Detroit appeals as of right from an order of the Michigan Employment Relations Commission. The city had entered into a contract agreement with the Amalgamated Transit Union. The union represents bus drivers that work for the city. Their contract had provided for a two-year wage freeze, from July 1, 1981, to June 30, 1983. On July 1, 1983, a six percent wage increase was to be given to employees. When that date arrived the city unilaterally announced that the increase would not be awarded. The union instituted an unfair labor practice charge and alleged that the city had violated the public employment relations act (PERA), MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.* The hearing officer found the city guilty of violating PERA and implemented the wage increase retroactive to July 1, 1983. The union filed an exception to the hearing officer's order requesting interest on the past due amounts and attorney fees and litigation expenses. MERC granted these two requests.

On appeal the city protests the award of attorney fees, litigation expenses and interest on the past due payments. It also contests the finding

* Circuit judge, sitting on the Court of Appeals by assignment.

that it had violated PERA. We find no merit in the city's arguments and affirm the hearing officer.

"In reviewing a final decision of an administrative agency, we are mindful of the limited role afforded us on appeal. Out of due deference for agency expertise on matters within its jurisdiction, an appellate court may reverse the final decision of an administrative agency only where it is found to be contrary to law or unsupported by competent, material, and substantial evidence on the record as a whole. Const 1963, art 6, § 28; MCL 423.216(e); MSA 17.455(16)(e); *Chrysler Corp v Sellers,* 105 Mich App 715; 307 NW2d 708 (1981). If there is no dispute as to underlying facts, questions presented on appeal are to be treated as matters of law. *Chrysler Corp, supra,* p 720." *Capac Bus Drivers Ass'n v Capac Bd of Ed,* 140 Mich App 542, 547; 364 NW2d 739 (1985).

The city's objection to the hearing officer's finding that it had violated the PERA has been waived as the city did not preserve this issue for appeal. *Robertson v Local Division 26, Amalgamated Transit Union,* 91 Mich App 429, 432-433; 283 NW2d 766 (1979); MCL 423.216, subds (b) and (d); MSA 17.455(16), subds (b) and (d). Furthermore there was substantial evidence to support the finding of a PERA violation. *Local 1383, International Ass'n of Fire Fighters v City of Warren,* 411 Mich 642, 654; 311 NW2d 702 (1981). Accordingly, we find no error.

We have reviewed the record and we do not find error in the decision to award attorney fees. Attorney fees may be ordered "as will effectuate the policies of this act". MCL 423.216(b); MSA 17.455(16)(b). In the instant case the city's defense was frivolous and the award of attorney fees proper. *NLRB v Food Store Employees Union,* 417 US 1; 94 S Ct 2074; 40 L Ed 2d 612 (1974).

The union requests that we assess the city punitive damages for bringing this appeal. We decline to do so.

Accordingly the hearing officer's decision is affirmed.

Affirmed. Costs to appellee.