UNITED TEACHERS OF FLINT v FLINT SCHOOL DISTRICT

Docket No. 88681. Submitted July 8, 1986, at Lansing. Decided December 4, 1986. Leave to appeal denied, 428 Mich —.

The United Teachers of Flint is the representative of persons employed by the Flint School District in teaching positions. In 1952, the school district created Community School Director positions. Csd's had both teaching and nonteaching duties. Then three levels of CSD positions were created, but only CSD I had teaching responsibilities. Because all persons employed in CSD positions had supervisory responsibilities, the Employment Relations Commission excluded them from the UTF. For the school year 1983-84, the district reorganized, laying off persons who had held teaching positions, filling in their places with persons holding CSD I positions, and creating a new CSD I position and filling it with people holding the former CSD II and CSD III positions. The UTF filed an unfair labor practice charge with MERC, alleging that the district had violated its duty to bargain collectively when it unilaterally decided to create new CSD I positions and fill them with persons previously employed as CSD IIs and CSD IIIs instead of reinstating several teaching positions and filling them with persons previously hired as teachers. MERC dismissed the charge, holding that there was no duty to bargain, that there was adequate notice to the union and that there was no request for bargaining. The UTF appealed.

The Court of Appeals *held:*

1. The decision of a school district to eliminate teaching positions pursuant to a reorganization in which teaching duties are assigned to new community school director positions is within the management prerogative and is not a mandatory subject of bargaining.

2. However, the district had a duty to bargain over the effect

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1764-1775.

Rights of state and municipal public employees in grievance proceedings. 46 ALR4th 912.

What constitutes unfair labor practice under state public employee relations acts. 9 ALR4th 20.

Bargainable or negotiable issues in state public employment labor relations. 84 ALR3d 242.

of the decision to transfer teaching duties from eliminated teaching positions to newly created positions. However, a public employer's duty to bargain collectively with its employees is conditioned upon a request for bargaining from the employees. The union failed to request bargaining on the issue.

Affirmed.

1. LABOR RELATIONS — SCHOOLS — PUBLIC EMPLOYMENT RELATIONS ACT — DUTY TO BARGAIN.

The decision of a school district to eliminate teaching positions pursuant to a reorganization in which teaching duties are assigned to new community school director positions is within the scope of management's prerogative and is not a mandatory subject of bargaining; however, the district has a duty to bargain over the impact of the decision to transfer teaching duties from eliminated teaching positions to newly created positions.

2. LABOR RELATIONS — PUBLIC EMPLOYERS — DUTY TO BARGAIN.

A public employer's duty to bargain collectively with its employees is conditioned upon a request for bargaining from the employees.

*Levin, Levin, Garvett & Dill* (by *Harvey I. Wax*), for the United Teachers of Flint.

*C. Rees Dean,* for the Flint School District.

Before: CYNAR, P.J., and T. M. BURNS and M. E. KOBZA,* JJ.

PER CURIAM. On July 19, 1983, the United Teachers of Flint (UTF) filed an unfair labor practice charge against the Flint School District, alleging that the district had refused to bargain collectively regarding wages, hours, and other terms and conditions of employment, contrary to § 10(1)(e) of the public employment relations act, MCL 423.210(1)(e); MSA 17.455(10)(1)(e). On October 21, 1985, the Michigan Employment Relations Commission issued a decision and order adopting the

* Circuit judge, sitting on the Court of Appeals by assignment.

recommendation of the hearing officer and dismissing the charge. The UTF now appeals to this Court as of right.

The facts of this case are not seriously in dispute. The UTF is the representative of persons presently and previously employed by the district in teaching positions. The district also employs numerous individuals who hold Community School Director (CSD) positions. The district apparently created the first CSD positions in 1952. At that time, CSDs taught in the afternoon and directed school and community activities in schools after regular school hours. Later, three levels of CSD positions were created: CSD I, CSD II, and CSD III. Of the three levels, only personnel employed in CSD I positions had afternoon teaching responsibilities. Because all persons employed in CSD positions had supervisory responsibilities, MERC excluded them from the UTF and determined that they were to be represented by the school administrators' bargaining unit, Congress of Flint School Administrators.

In the 1982-1983 school year, the district employed twelve persons in CSD I positions, twenty-two persons in CSD II positions, and fifteen persons in CSD III positions. In the spring of 1983, the district laid off approximately 265 persons employed in teaching positions. At the same time, it notified sixty-four persons employed in administrative, CSD and other positions that it was not renewing their contracts. However, over the summer of 1983, it rehired 160 of the people who had held teaching positions. The district also rehired all thirty-seven persons who had held CSD II and CSD III positions. However, those persons were rehired into new CSD I positions, and their old CSD II and CSD III positions were eliminated. As noted previously, persons holding CSD I positions were given some teaching responsibilities. Thus, as a result of

the reorganization, some of the teaching duties which had previously belonged to persons holding teaching positions now belonged to persons holding the new CSD I positions. In the fall of 1983, at least ten to twelve persons represented by the UTF who had held teaching positions remained laid off. The teaching duties which they had once held were now held by persons holding CSD I positions.

On July 19, 1983, the UTF filed an unfair labor practice charge with MERC, alleging that the district had violated its duty to bargain collectively when it unilaterally decided to create new CSD I positions and fill them with persons previously employed as CSD IIs and CSD IIIs instead of reinstating several teaching positions and filling them with persons previously hired as teachers. At the hearing on the unfair labor practice charge, Lane Hotchkiss, executive director of the UTF, testified that in March of 1982 he met with the chief negotiator for the board of education in preparation for renegotiation of the master teaching contract between the UTF and the district. According to Hotchkiss, they discussed "the whole problem of layoffs and transfers, and [the issue of] CSDS was one aspect of that discussion." However, there was never any formal offer to bargain. Rather, the issue was only discussed in general terms in subcommittee.

Hotchkiss further testified that, during January, February or March of 1983, he learned that the board of education was intending to increase the number of CSD I positions. However, Hotchkiss apparently did not believe what he was told, because the board had stated such intentions for several years in the past and had not followed through with such a plan. According to Hotchkiss, it was not until April of 1983, when numerous teachers were actually laid off, that he realized

that the board was actually going to implement its plan.

After the hearing, the hearing officer recommended that the charges be dismissed. MERC adopted the recommendations of the hearing officer, stating that, where work has not been assigned exclusively to one unit, there is normally no obligation on the employer to bargain before shifting duties among the employees to which the work has been assigned. MERC further held that the district gave the UTF sufficient notice of its intent in the spring of 1982 and that the UTF failed to present any proposals on the topic or a request for bargaining. Therefore, MERC concluded that the district was not required to bargain with the UTF before it transferred the work to the new CSD I positions.

## ANALYSIS

This Court reviews a MERC decision to determine whether the decision is authorized by law and whether the commission's findings are supported by competent, material and substantial evidence on the whole record. Const 1963, art 6, § 28; MCL 423.216(d), (e); MSA 17.455(16)(d), (e); *Michigan Employment Relations Comm v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 121; 223 NW2d 283 (1974).

In *Ishpeming Supervisory Employees' Chapter of Local 128, AFSCME, AFL-CIO v City of Ishpeming,* 155 Mich App 501; 400 NW2d 661 (1986), this Court was presented with the issue of whether PERA imposes a duty on an employer to bargain in good faith regarding a proposed transfer of work from employees or positions within one bargaining unit to employees or positions outside the unit. In that case, this Court held that the decision to

transfer work in pursuit of a legitimate reorganization effort was not a mandatory subject of bargaining, but the impact of the decision was an issue for bargaining. See also *Local 1277, AFSCME v City of Center Line,* 414 Mich 642; 327 NW2d 822 (1982). We agree with the rationale of *Ishpeming* and hold that the decision to eliminate teaching positions pursuant to a reorganization in which teaching duties are assigned to new community school director positions is within the scope of management prerogative and is not a mandatory subject of bargaining.

On the other hand, we note that the district had a duty to bargain over the impact of the decision to transfer teaching duties from eliminated teaching positions to newly created CSD positions. See *Ishpeming, supra.* However, in *Local 586, Service Employees International Union v Union City,* 135 Mich App 553; 355 NW2d 275 (1984), lv den 421 Mich 857 (1985), this Court noted that an employer's duty to bargain is conditioned on an appropriate request. See also *St Clair Prosecutor v AFSCME,* 425 Mich 204, 241-242; 388 NW2d 231 (1986). Because there is no evidence here that the union requested that the district bargain, the district did not violate its statutory duties.

The UTF responds that it did not have any opportunity to request bargaining. This contention is contrary to the evidence. MERC's decision is supported by substantial, competent and material evidence and is therefore affirmed.

Affirmed.