HUNTER v WAYNE-WESTLAND COMMUNITY SCHOOL
DISTRICT

Docket Nos. 100782, 100879. Submitted June 27, 1988, at Detroit. Decided January 17, 1989. Leave to appeal applied for.

Nanette Hunter was a psychologist employed by the Cherry Hill School District and not a member of the local teacher's union. The Cherry Hill School District was annexed by the Wayne-Westland Community School District, and their union, the Wayne-Westland Education Association, became the exclusive bargaining agent of teachers and psychologists. Cherry Hill's local union members were granted seniority by the association as if they had been originally employed by the Wayne-Westland School District, but Hunter was granted seniority only from the date of annexation, solely because she had not been a union member. She filed a complaint with the Employment Relations Commission, which found Wayne-Westland Community School District and the association to be in violation of the public employment relations act and awarded her attorney fees. The school district and the union filed separate appeals, which were consolidated by the Court of Appeals.

The Court of Appeals *held*:

1. Discrimination in assigning seniority at a new facility based solely on length of union membership constitutes a breach of the union's duty of fair representation.

2. Attorney fees may be awarded in cases under the public employment relations act as will effectuate the policies of the act.

Affirmed.

MICHAEL J. KELLY, P.J., dissented in part. While he concurred in finding that the association breached its duty of fair representation, he did not believe that the public employment relations act allows the awarding of attorney fees. He would strike the award of fees.

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1183, 1764 *et seq.*

See the Index to Annotations under Collective Bargaining; Labor and Employment; Public Officers and Employees.

1. LABOR RELATIONS — JUDICIAL CONSTRUCTION — PUBLIC EMPLOY-
MENT RELATIONS ACT.

In construing the public employment relations act, the Supreme
Court has frequently looked to decisions of the Federal courts
which construe and apply the National Labor Relations Act
(MCL 423.201 et seq.; MSA 17.455[1] et seq.).

2. LABOR RELATIONS — SENIORITY — UNION MEMBERSHIP.

Discrimination in assigning seniority at a new facility based
solely on length of union membership constitutes a breach of
the union's duty of fair representation.

3. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — ATTOR-
NEY FEES.

Attorney fees may be awarded in cases under the public employ-
ment relations act as will effectuate the policies of the act
(MCL 423.216[b]; MSA 17.455[16][b]).

*Ellis Boal,* for petitioner Nanette Hunter.

*Slatkin, Gabrian & Wilder* (by *Stewart Slatkin*),
for respondent Wayne-Westland Community
School District.

*Hiller, Hoekenga & Amberg, P.C.* (by *Daniel J.
Hoekenga* and *Dirk F. Zuschlag*), for respondent
Wayne-Westland Education Association.

Before: MICHAEL J. KELLY, P.J., and MAHER and
M. WARSHAWSKY,* JJ.

MAHER, J. Wayne-Westland Community School
District and Wayne-Westland Education Associa-
tion (WWEA) appeal as of right from an order of
the Michigan Employment Relations Commission
which found them in violation of § 10 of the public
employment relations act, MCL 423.210; MSA
17.455(10), and awarded costs and attorney fees to
Nanette Hunter. We affirm.

Hunter is a school psychologist who, between
August, 1976, and February, 1985, was employed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

by the Cherry Hill School District. At the time she was not a member of the Cherry Hill Education Association (CHEA), the school district's bargaining unit, although she was listed on its seniority list.

On February 1, 1985, the Cherry Hill School District was annexed into the Wayne-Westland School District. Prior to annexation, WWEA President William Reece requested recognition of the WWEA as the exclusive collective bargaining agent for the new Wayne-Westland School District. This request specifically listed school psychologists as being included in the group which the WWEA sought to represent:

> With the Cherry Hill School District's annexation with the Wayne-Westland Community Schools, the Wayne-Westland Education Association requests recognition as the bargaining agent, as it has been in the past, for all certified probationary/tenure teachers under contract or on leave with the district, all media specialists; all counselors, full or part-time; *school psychologists;* pathologists; school social workers; homebound teachers; special area teachers; project consultants; nurses; therapists; athletic directors; department heads; work study coordinators; Data Processing Center operators, programmers, and analyst programmers; all certified teachers teaching credit courses and counselors in Adult/Community Education, Summer School Credit Program, Summer School Driver Education and non-credit SPARKEY. [Emphasis added.]

Representatives of the CHEA and WWEA discussed the annexation in the spring of 1984. It was agreed that CHEA bargaining unit members would be given seniority under the terms of the WWEA contract. The school boards of both districts worked out an annexation and transfer plan which provided that the Wayne-Westland Board of Edu-

cation would recognize the seniority of Cherry Hill employees upon the date of annexation and that the seniority list would be integrated. In November of 1984, a collective bargaining agreement was reached between the WWEA and the Wayne-Westland School District. This contract provided that CHEA bargaining unit members would receive seniority credit as if they had been employed originally by Wayne-Westland School District. Despite that provision, Hunter's seniority credit was set to begin on February 1, 1985, the date of annexation.

Hunter worked for the Wayne-Westland School District (Wayne-Westland) for the 1984-85 school year. In January of 1985, she inquired into why the WWEA was taking the position that her seniority would start as of February 1, 1985, rather than her original date of hire at Cherry Hill. WWEA President Reece responded that she was not receiving retroactive seniority because she had not been a member of the CHEA bargaining unit, did not pay dues to the CHEA, and was not a CHEA member.

In February of 1985, Hunter filed suit in Wayne Circuit Court seeking recognition of her seniority rights. She was issued a notice of layoff for the 1985-86 school year. On August 22, 1985, the Wayne Circuit Court found that MERC had exclusive jurisdiction over the matter and issued an injunction prohibiting her layoff pending a decision from MERC.

Charges were filed before MERC in April of 1985. The MERC hearing officer found that Wayne-Westland and the WWEA violated § 10 of PERA by entering into a contract which discriminated against Hunter due to her former nonunion status and that the WWEA breached its duty of fair representation in regards to her. The hearing officer ordered that Wayne-Westland and the WWEA grant her seniority on the same basis as that of other

former Cherry Hill employees. The hearing officer also ordered them to pay her costs and attorney fees. MERC affirmed the hearing officer's findings and decision, and adopted the hearing officer's recommended order. Wayne-Westland and the WWEA raise two issues on appeal.

I

The WWEA argues that MERC erred in finding that it breached its duty of fair representation with regards to Hunter. We disagree.

Section 10(3)(b) of PERA makes it unlawful for a union to cause a public employer to discriminate against an employee in order to encourage or discourage membership in a labor organization. MCL 423.210(3)(b); MSA 17.455(10)(3)(b).

This Court reviews a MERC decision to determine whether the decision is authorized by law and whether the commission's findings are supported by competent, material, and substantial evidence on the whole record. *United Teachers of Flint v Flint School Dist,* 158 Mich App 138, 142; 404 NW2d 637 (1986), lv den 428 Mich 902 (1987). In order to construe the provisions of PERA, this Court looks to decisions of the federal courts which construe and apply the National Labor Relations Act. *Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson School Teachers' Ass'n,* 393 Mich 583, 590-591; 227 NW2d 500 (1975).

The WWEA first argues that it did not owe Hunter a duty of fair representation because she was not a member of the bargaining unit. This identical argument was rejected in *Teamsters Local Union No 42 v NLRB,* 825 F2d 608 (CA 1, 1987), wherein it was held that discrimination in assigning seniority at a new facility based solely upon length of union membership constituted a

breach of the union's duty of fair representation. The court stated:

> In the simplest terms, the union, heedless of the rights of its Lawrence-based members, unilaterally decided that, for seniority purposes at Peabody, "length of service" should be defined to mean "length of membership in the union." In so doing, Local 42 impermissibly preferred one membership group over another, without legitimate reason. The caselaw teaches that such arbitrary conduct is the stuff of which unfair labor practices are rightfully fashioned. [*Id.,* p 614.]

In a similar case, *Jones v Trans World Airlines Inc,* 495 F2d 790 (CA 2, 1974), the union argued that it owed no duty to bargain on behalf of employees whose jobs were covered by the bargaining unit when those employees were not actually members of the bargaining unit. The Second Circuit Court of Appeals held that the union could not separate employees from a bargaining unit based upon their nonunion membership, stating:

> This argument is frivolous. Were we to accept it, any union could avoid its duty of fair representation by resorting to the fiction that jobs filled by non-union persons are vacant. The minority unit members would thus be denied the benefit of self-organization without receiving the corollary protection of the duty of the fair representation. [*Id.,* p 797.]

Hunter's position as a school psychologist was listed by the WWEA as a position covered under its collective bargaining agreement. Furthermore, it was a position for which the WWEA sought and received recognition as the exclusive bargaining agent. Because the WWEA held itself out as exclusive bargaining agent for Hunter in the new

Wayne-Westland School District, it cannot now argue that it did not owe her a duty of fair representation.

The WWEA also argues that, even if it owed Hunter a duty of fair representation, it did not breach its duty because its conduct was not arbitrary, discriminatory or in bad faith. Again, we disagree.

Although the WWEA now claims that it did not give Hunter retroactive seniority because she had some quasi-administrative duties in the Cherry Hill School District, the actual reason behind her exclusion was the fact that she was not a member of the CHEA. WWEA President Reece testified that plaintiff was not given retroactive seniority because she had not been a member of the Cherry Hill bargaining unit:

> I indicated to her that she was not receiving retroactive seniority because she was not and had not been a member of the Cherry Hill—bargaining unit in Cherry Hill.
>
> She then indicated how I knew that or what did I mean by that; and I indicated to her that she was not a member. She had never signed a membership form in the Cherry Hill Education Association. She was not a member of the bargaining unit. She did not pay dues to the Cherry Hill Education Association; therefore, she was not a member of the Cherry Hill Education Association. And that was the reason why she did not receive retroactive seniority.

The WWEA based Hunter's seniority rights on the length of her union membership and not on any rational basis. As noted by the *Jones* court:

> Discrimination in seniority based on nothing else but union membership is arbitrary and invidious and violates the union's duty to represent

fairly all members of the bargaining unit. [495 F2d 797.]

A union may not neglect the interests of a membership minority solely to advantage a membership majority; members are to be accorded equal rights, not arbitrarily subjected to the desires of a stronger, more politically favored group. *Teamsters Local Union No 42, supra,* p 611. "These tenets strike home when a union attempts to prefer workers based solely on how long they have been loyal to the guild." *Id.,* p 612. The only factor distinguishing Hunter from other former Cherry Hill employees who received retroactive seniority was her lack of union membership while at Cherry Hill. The WWEA owed her a duty of fair representation and breached that duty.

II

The WWEA and Wayne-Westland both argue that the MERC and the hearing officer erred in awarding attorney fees. We disagree.

As a general rule, attorney fees may be awarded only when specifically authorized by statute or court rule. *Matras v Amoco Oil Co,* 424 Mich 675, 695; 385 NW2d 586 (1986); *McKim v Green Oak Twp Bd,* 158 Mich App 200, 207; 404 NW2d 658 (1987). However, the broad language of § 16(b) of PERA, which gives MERC the power "to take such affirmative action . . . as will effectuate the policies of this act," MCL 423.216(b); MSA 17.455(16)(b), has been interpreted by one panel of this Court as authorizing the award of attorney fees. *Amalgamated Transit Union v Detroit,* 150 Mich App 605, 607; 389 NW2d 98 (1985). We adopt that interpretation in the instant case and find that MERC did not abuse its discretion in holding

Wayne-Westland and the wwea jointly and severally liable to Hunter for reasonable attorney fees in order to make her "whole."

Affirmed.

M. Warshawsky, J., concurred.

Michael J. Kelly, P.J. *(concurring in part and dissenting in part).* I concur in the finding that the wwea breached its duty of fair representation with regards to Hunter.

I disagree with the majority's finding that the pera authorizes merc to award attorney fees to the prevailing party. Nowhere in the pera is there any language specifically providing for the recovery of attorney fees. Section 16(b) of the pera, MCL 423.216(b); MSA 17.455(16)(b), does give merc the power "to take such affirmative action including reinstatement of employees with or without back pay, as will effectuate the policies of this act." I believe that the ambiguous phrase "as will effectuate the policies of this act" is not sufficiently specific to authorize an award of attorney fees by the merc. In this regard, I disagree with the contrary holding of *Amalgamated Transit Union v Detroit,* 150 Mich App 605, 607; 389 NW2d 98 (1985).

Section 16(b) does specifically grant merc the power to order a defendant to cease and desist from an unfair labor practice, to order reinstatement with or without back pay, and to require defendants to show compliance with previous orders. In light of this grant of specific remedial powers, I conclude that § 16(b) does not authorize merc to grant attorney fees to a prevailing party. I would strike the award of attorney fees.