*In re* GRAND HAVEN PUBLIC SCHOOLS

Docket No. 109471. Submitted July 11, 1989, at Lansing. Decided October 6, 1989.

The Grand Haven Education Association petitioned to include adult education teachers serving the Grand Haven Public Schools in the teacher bargaining unit it represented which included other Grand Haven Public Schools teachers. Respondent, Grand Haven Public Schools, argued that it was not the employer of the adult education teachers. The Michigan Employment Relations Commission found that the adult education teachers were employed by the Grand Haven-Fruitport Community Schools Consortium, not the respondent, and dismissed the petition. The petitioner appealed.

The Court of Appeals *held:*

The MERC properly relied on a series of prior commission decisions wherein it found that persons working for a multi-district program were employed by the consortium and not the individual school districts. This consortium rule is reasonable and may be applied to both centralized and decentralized forms of operation. The petition was properly dismissed.

Affirmed.

1. ADMINISTRATIVE LAW — APPEAL — EMPLOYMENT RELATIONS COMMISSION.

The Court of Appeals reviews decisions of the Michigan Employment Relations Commission to determine whether the decisions are authorized by law and supported by competent, material and substantial evidence on the whole record; due deference is accorded to the commission's findings and expertise; considerable weight is given to the commission's long-standing interpretation of the law (Const 1963, art 6, § 28).

2. SCHOOLS — MASTER AND SERVANT — MULTI-DISTRICT EDUCATION PROGRAMS.

Persons working for a multi-district education program, whether

REFERENCES

Am Jur 2d, Administrative Law § 633; Schools §§ 14, 22, 131.
See the Index to Annotations under Administrative Law; Collective Bargaining; Schools and Education; Teachers and Instructors.

centralized or decentralized, are properly determined to be employed by the consortium formed to conduct the program on a cooperative basis and are not employed by the individual school districts which are members of the consortium (1978 PA 404; MCL 388.1708[2]; MSA 15.1919[1008][2]).

*Foster, Swift, Collins & Smith, P.C.* (by. *Stephen O. Schultz*), for petitioner.

*Scholten, Fant & Marquis, P.C.* (by *John S. Lepard* and *Matthew C. Van Hoef*), for respondent.

Before: SHEPHERD, P.J., and BEASLEY and GRIBBS, JJ.

PER CURIAM. Petitioner, Grand Haven Education Association, appeals as of right from the Michigan Employment Relations Commission's dismissal of its petition for an election regarding certification as the bargaining representative of adult education teachers serving respondent, Grand Haven Public Schools. We affirm the dismissal.

On August 31, 1987, petitioner filed a petition seeking to include adult education teachers in the teacher bargaining unit it already represented, namely, other Grand Haven Public Schools teachers. Respondent countered by arguing that the adult education teachers were not employed by respondent but, rather, were employed by the Grand Haven-Fruitport Community Schools Consortium. The following facts were set forth in the opinion of the MERC and do not appear to be in dispute:

Beginning in the 1980/81 school year Grand Haven Public Schools and Fruitport Community Schools entered into an agreement to conduct adult education programs on a cooperative basis. The Grand Haven-Fruitport Community Schools Consortium (Consortium) was created pursuant to

the State School Aid Act of 1978.[1] Because of this arrangement Grand Haven is able to receive State aid for its adult education students otherwise unavailable because Grand Haven is an "out of formula"[2] school district . . . [D]istricts [may] select either a centralized or decentralized form of operation. In a centralized model, the administering district expands its geographic boundaries and utilizes the facilities of cooperative districts. In a decentralized model, each community maintains its own name and staff, with the administering district serving as the fiscal agent attending to financial and personnel matters.

The Grand Haven-Fruitport Community Education Consortium is a decentralized model, with Fruitport Community Schools serving as the administering district and handling all of the financial and personnel matters, including payroll, for the Consortium. Any expenses incurred by Grand Haven, such as building use or utilities, are charged back to Fruitport. The Consortium is financed by State grants and enrollment fees for noncredit courses. A consortium agreement is approved annually by resolution of the Boards of Education of each district and submitted to the State Department of Education.

Under the decentralized arrangement, each of the districts operates its own community education department, headed by a director. The director in each division selects, hires, and evaluates his own staff and maintains separate personnel records. Programs offered include adult high school completion, adult basic education, alternative high school, and leisure and community education. Courses taught in the districts are similar; some courses may be offered in only one district.

The administrative staff of both divisions work together to determine wages and benefits as well as working conditions and policies applicable to community education teachers. These are reflected

1 1978 PA 404; see specifically MCL 388.1708(2); MSA 15.1919 (1008) (2).

2 "Out of formula" refers to school districts receiving no allocation under MCL 388.1621; MSA 15.1919(921).

in a document entitled Teacher Handbook, Grand Haven/Fruitport Community Education, distributed to all community education teachers. Because programs in each district may vary, parts of the handbook may apply to only one district.

Each year community education teachers sign a letter of agreement with the Consortium which details their salary, benefits, and length of assignment. Paychecks for all community education teachers are issued by Fruitport. All supplies and textbooks are requisitioned and purchased through Fruitport Schools. Other than a breakfast meeting held in September 1987, the community education teachers in the two districts have not had a joint meeting.

The MERC dismissed the petition for election, stating:

> [W]e find that the community education teachers are employees of the Grand Haven-Fruitport Community Schools Consortium and are not appropriately included in a unit of employees of the [respondent] Grand Haven Public Schools. Accordingly, the petition is dismissed.

Should the adult education teachers have been considered employees of respondent Grand Haven Public Schools for purposes of collective bargaining? We review MERC decisions to determine whether the decisions are authorized by law and supported by competent, material and substantial evidence on the whole record.[3] Due deference is to be accorded the agency's findings and expertise.[4]

In dismissing the petition, the MERC relied on a series of prior commission decisions wherein it was found that persons working for a multi-district program were employed by the consortium and not

[3] Const 1963, art 6, § 28; *United Teachers of Flint v Flint School Dist,* 158 Mich App 138, 142; 404 NW2d 637 (1986), lv den 428 Mich 902 (1987).

[4] *West Ottawa Ed Ass'n v West Ottawa Public Schools Bd of Ed,* 126 Mich App 306, 313; 337 NW2d 533 (1983).

by the individual school districts.[5] The agency's long-standing interpretation of the law should be given considerable weight.[6]

This "consortium rule" developed by the MERC appears reasonable and is entitled to our deference. While petitioner argues that the rule should not be applied in the context of a *decentralized* consortium, we note that the MERC has applied the consortium rule to decentralized consortia.[7]

The Grand Haven-Fruitport Community Schools Consortium was a separate employer.[8] The adult education teachers were employed by the consortium and not by either of the individual member districts. The dismissal of the petition was proper.[9]

Affirmed.

---

[5] *In re Fruitport Community Schools,* 1981 MERC Lab Op 682; *In re Lakeview Public Schools,* 1977 MERC Lab Op 899; *In re Center Line Public Schools,* 1976 MERC Lab Op 729; see also *In re Garden City Public Schools,* 1988 MERC Lab Op 878.

[6] *Southfield Police Officers Ass'n v Southfield,* 433 Mich 168, 176-177; 445 NW2d 98 (1989).

[7] *Garden City, supra; Fruitport, supra.*

[8] See *West Ottawa, supra,* pp 318-321.

[9] In view of this conclusion, we need not address whether the adult education teachers shared a "community of interest" with teachers employed by Grand Haven.